IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEANETTE ALLEN, as Mother and Next
Friend of WILLIE ALLEN, a Minor,

    Plaintiffs,

v.

CRYSTALCOAST, INC.,
LIFEXTENSION INSTITUTE, INC., and
ARNESTO SEGREDO,

    Defendants.                                    Case No. 03-cv-200-DRH

## ORDER

**HERNDON, District Judge**:

       Before the Court is a Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. 182), made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41**. In their Motion, Plaintiff seeks to voluntarily dismiss two of the three Defendants from their Second Amended Complaint (Doc. 152) because "despite diligent efforts," Plaintiff has been unable to locate and serve defendants Lifextension Institute, Inc. And Arnesto Segredo.[1] Plaintiff seeks to voluntarily dismiss these two defendants without prejudice so that Plaintiff may later re-file this action in the event Segredo and Lifextension can subsequently be located and served.

       The Court observes that Plaintiff has moved pursuant to **Rule 41(b)**,

---

[1] During a telephonic status conference held by Magistrate Judge Wilkerson, Plaintiffs indicated they believed defendant Segredo was residing in Curacao; defendant Lifextension is owned by Segredo (Doc. 173).

which is not the proper procedural vehicle in this instance. **Rule 41(b)** provides for a *defendant* to move for a dismissal due to a plaintiff's failure to prosecute or to comply with the rules of civil procedure or any court order. The Court believes this was a typographical error, as Plaintiff merely stated "Rule 41" in the caption of their Motion.

Instead, given the fact that Plaintiff has not yet even served the Defendants sought to be voluntarily dismissed, the Court will construe Plaintiff's Motion as made pursuant **Rule 41(a)(1)(i)**, which allows a party to voluntarily dismiss an action "*without* order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." **FED. R. CIV. P. 41(a)(1)(i) (emphasis added)**. (Therefore, all Plaintiff needed to do in this instance was file a notice stating their intent to voluntarily dismiss without prejudice pursuant to **Rule 41(a)(1)(i)**.) Accordingly, the Court **ACKNOWLEDGES** Plaintiff's **DISMISSAL WITHOUT PREJUDICE** of defendants Lifextension Institute, Inc. and Arnesto Segredo from this action, pursuant to **Rule 41(a)(1)(i)**.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2007.

/s/        David  RHerndon
**United States District Judge**